# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-00271 |
| WILLIAM STREET, | Honorable Donald R. Cassling |
| Debtor. | Chapter 13 |
| | Trustee Thomas H. Hooper |
| | Hearing Date: August 25, 2022, at 9:30 a.m. |

## **NOTICE OF MOTION**

TO:   See attached service list.

PLEASE TAKE NOTICE that on **August 25, 2022, at 9:30 a.m.**, we will appear before the Honorable Donald R. Cassling, or any judge sitting in that judge's place, and present **Virginia Street's Motion for Entry of an Agreed Order Modifying the Automatic Stay with Respect to Divorce Case**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-8287666. Then enter the meeting ID and passcode.

**Meeting ID and password**. The meeting ID for this hearing is **161 414 7941** and the password is **619**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

VIRGINIA STREET

By: */s/ Ryan Chapin*
Ryan Chapin

Ryan Chapin (ARDC # 6323723)
Attorney for Virginia Street
LEGAL AID CHICAGO
120 S. LaSalle St., Suite 900
Chicago, IL 60603
(312) 229-6376
rchapin@legalaidchicago.org

## CERTIFICATE OF SERVICE

I, Ryan Chapin, certify that on August 15, 2022, I caused a copy of this notice and the attached motion to be served on the parties listed below via electronic notice pursuant to Federal Rules of Bankruptcy Procedure 7004 and 9036 and Administrative Procedures for the CM/ECF System § II. B.

*/s/ Ryan Chapin*
Ryan Chapin

## SERVICE LIST

Debtor William Street
c/o David M Siegel
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090
davidsiegelbk@gmail.com

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Thomas H. Hooper
Office of the Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL 60603
thomas.h.hooper@chicagoch13.com

| | |
|---|---|
| In re: | Case No. 18-00271 |
| WILLIAM STREET, | Honorable Donald R. Cassling |
| Debtor. | Chapter 13 |
| | Trustee Thomas H. Hooper |
| | Hearing Date: August 25, 2022, at 9:30 a.m. |

**VIRGINIA STREET'S MOTION FOR ENTRY OF AN AGREED ORDER MODIFYING THE AUTOMATIC STAY WITH RESPECT TO DIVORCE CASE**

Virginia Street moves the Court, pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. § 362(d), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Fed. R. Bankr. P. 4001(a), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), for entry of an agreed order modifying the automatic stay with respect to a divorce case. In support of this motion, Mrs. Street states as follows.

## INTRODUCTION

1. Mrs. Street seeks to modify the automatic stay with respect to a divorce case that was commenced by the Debtor after the filing of the above-referenced bankruptcy case. Mrs. Street's attorney contacted the Debtor's attorney before filing this motion, and he indicated that the Debtor agrees to the relief requested.

## BACKGROUND

**A. The Debtor's Bankruptcy Case**

2. On January 5, 2018, the Debtor commenced the above-referenced case by filing a petition for relief under chapter 13 of the Bankruptcy Code. (ECF No. 1.)

3. On March 1, 2018, the Court confirmed the Debtor's amended plan. (ECF No. 28.)

4. On September 17, 2020, the Court entered an order modifying the automatic stay with respect to 14412 S Union Ave, Riverdale, Illinois 60827 (the "Mrs. Street's Residence"). (ECF No. 38.)

**B. The Divorce Case**

5. On February 4, 2019, the Debtor commenced a divorce case in Cook County Circuit Court by filing a petition for dissolution of marriage against Mrs. Street (the "Divorce Case"). The Divorce Case was assigned Case No. 2019 D 001002 and remains pending as of the filing of this motion. The petition in the Divorce Case seeks, among other things, dissolution of the bonds of matrimony between the Debtor and Mrs. Street and the determination and allocation of marital property (including Mrs. Street's Residence) and debts.

6. Out of an abundance of caution, Mrs. Street is refraining from taking any further substantive action in the Divorce Case until relief from the automatic stay is granted.

## BASIS AND REQUEST FOR RELIEF

7. Section 362(b)(2)(A) of the Bankruptcy Code creates exceptions to the automatic stay with respect to "the commencement or continuation of a civil action or proceeding . . . (ii) for the establishment or modification of an order for domestic support obligations; . . . (iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate[.]" 11 U.S.C. § 362(b)(2)(A).

8. Accordingly, the Divorce Case is not subject to the automatic stay, except to the extent that it seeks to determine the division of property that is property of the estate.

9. Under Bankruptcy Code section 362(d), "the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or

conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d).

10. The determination of whether "cause" exists is made on a case-by-case basis. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)

11. Although "cause" is not defined for purposes of stay relief, bankruptcy courts generally consider three factors to determine if cause exists where a movant seeks stay relief to allow the continuation of a civil action. *In re Posner*, 610 B.R. 586, 593 (Bankr. N.D. Ill. 2019) (citing *Fernstrom*, 938 F.2d at 735). "The three factors ask whether: (1) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit, (2) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and (3) the creditor has a probability of prevailing on the merits." *Fernstrom*, 938 F.2d at 735 (citing *In re Pro Football Weekly*, 60 B.R. 824, 826 (N.D. Ill. 1986)).

12. Cause exists in this case under the *Fernstrom* factors because (1) no prejudice to the estate or the Debtor will result from continuation of the Divorce Case, as a determination and allocation of the parties' respective rights and obligations with respect to martial property and debts under state law is in the parties' best interests and will create clarity with respect to the assets and liabilities to be treated in this case; (2) a stay of the Divorce Case creates a great deal of hardship for Mrs. Street by delaying her ability to reach a final resolution in the case and in her efforts to maintain her residence and resolve her mortgage debts, while modification of the stay would not cause any hardship for the Debtor; and (3) it is probable that Mrs. Street will prevail on the merits by obtaining an equitable division of property and other relief requested in the Divorce Case.

13. In addition, cause exists to modify the automatic stay because the Divorce Case

involves non-bankruptcy family law issues in which the state courts have special expertise and for which federal courts generally show significant deference. *See In re Anderson*, 463 B.R. 871, 877 (Bankr. N.D. Ill. 2011). Thus, allowing the state court in the Divorce Case to make determinations and allocations with respect to marital property and debts is in the interest of judicial economy and fairness to the parties.

14. This court has the authority to order that the relief from the automatic stay take effect immediately instead of being stayed for 14 days, and Mrs. Street is requesting that the order take effect immediately. *See* Fed. R. Bankr. P. 4001(a)(3).

15. This motion is exempt from the fee generally charged for filing a stay relief motion because Mrs. Street is seeking approval of an agreement between the parties to modify the stay.[1]

16. Mrs. Street's attorney contacted the Debtor's attorney before filing this motion, and he indicated that the Debtor agrees to the relief requested.

17. Notice of this motion has been provided to the Debtor, United States Trustee, and Chapter 13 Trustee pursuant to Bankruptcy Rules 4001 and 9014.

WHEREFORE, Virginia Street respectfully requests that the Court enter an order:

a) modifying the automatic stay with respect to the Divorce Case; and

b) granting such other, further, and different relief as may be just and proper.

---

[1] To the extent that the Court determines that the motion is not exempt from being charged a filing fee, however, the Court has authority and should waive the fee under 28 U.S.C. § 1930(f)(3) because Mrs. Street's limited income (social security and SNAP only) renders her unable to afford the fee.

VIRGINIA STREET

By: <u>*/s/ Ryan Chapin*          </u>
Ryan Chapin

Ryan Chapin (ARDC # 6323723)
Attorney for Virginia Street
LEGAL AID CHICAGO
120 S. LaSalle St., Suite 900
Chicago, IL 60603
(312) 229-6376
rchapin@legalaidchicago.org